On the MeRits.
Howell, J.
The material facts of this case are, that Richard Charles died leaving a widow and sis children; he made a will, stating his entire estate to be community, gave a special legacy of $2000 cash to his brother, and bequeathed the balance of his estate, real and personal, in equal shares to his sis children, subject to the usufruct in favor of his wife. His estate was inventoried at $70,043, of which $62,600 was immovable and $7443 movable property. The defendant in this suit becoming indebted to different parties, judgments were obtained against him and duly recorded. Executions issued, and all his right, title and interest in and to the succession of his father was sold for $1750 cash. The question presented and argued by the creditors is, did a judicial mortgage attach to what was thus sold?
According to the doctrine in Tureaud v. Gex, 21 An. 253, the mortgage attached to all the mortgageable property, and as the movable property is of insignificant amount compared with the immovable, it seems to have been considered unnecessary to fix the relative proportions of the proceeds.
As said in the ease above cited : The heir being considered seized ■ of the succession from the moment of its being opened, the right of possession, which the deceased had, continues in the person of the heir, as if there had been no interruption, and independent of the fact of possession ; and each of the heirs becomes an undivided proprietor of the effects of the succession for the part or portion coming to him, which forms among the heirs a community of property as long as it remains undivided. C. C. 936, 1214; and the recording of a judgment against an heir was held to affect all the mortgageable property thus owned by such heir.
It follows, therefore, that the claims of the contesting creditors of *505 the defendant in this suit must he paid in accordance with the rank of their respective mortgages.
It is therefore ordered that the judgment appealed from he reversed,, and that the proceeds of the sale herein made by the sheriff and now in his hands, be distributed as follows, to wit: To G-lover & Odendahl, $251 40, with legal interest from second of October, 1871, and costs of suit.
To Yose Brothers, $519 80, with five per cent, interest per annumthereon from February 17, 1872, until paid, three dollars and sixty cents costs of protest and costs of suit.
To Finney & Byrnes, $228 84, with legal interest thereon from October 7, 1871, until paid and costs of suit.
To C. H. Lawrence & Co., $828 76, with eight per cent, interest from thirty-first January, 1872, and costs of suit.
To Smith & McKenna, the balance, if any, after paying the four preceding claims in their order. Costs of appeal to be paid by the plaintiffs, appellees.
Rehearing refused.